# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MAINE

| | |
|---|---|
| In Re: ) | |
| ) | Chapter 13 |
| Sean D. Jones and ) | |
| Kimberly L. Richards-Jones, ) | Case No.: 16-20598 |
| ) | |
| Debtors. ) | |
| ) | |

## MEMORANDUM OF DECISION

The narrow issue before me is whether 11 U.S.C. §1324(b)[1] permits the first chapter 13 confirmation hearing to occur more than 45 days after the date of the meeting of creditors under §341(a). For the reasons set forth below, I conclude that the plain language of the Code does not allow this and, as a result, the motion to continue the confirmation hearing filed by debtors Sean D. Jones and Kimberly L. Richards-Jones (the "Debtors") (Docket Entry "D.E." 16) must be denied.

### I.     Jurisdiction and Venue.

This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§157(a), 1334 and the United States District Court for the District of Maine Local Rule 83.6(a). This is a core proceeding under 28 U.S.C. §157(b)(2)(L). Venue here is appropriate pursuant to 28 U.S.C. §§1408 and 1409.

### II.     Background.

---

[1] Subsequent references to statutory section numbers in this opinion are to the Bankruptcy Reform Act of 1978, as amended, (the "Code"), 11 U.S.C. §101 et seq.

The Debtors filed a voluntary petition for relief under chapter 13 of the Code on October 24, 2016 (D.E. 1). They filed their chapter 13 plan on the same day (D.E. 4). The next day, the Bankruptcy Noticing Center issued the Notice of the Chapter 13 Bankruptcy Case (D.E. 5), which set the date for the meeting of creditors pursuant to §341 for November 28, 2016. The meeting of the creditors was held and concluded on that date. On November 29, 2016, the Debtors scheduled the first hearing on confirmation of their plan for January 11, 2017 (D.E. 11). The chapter 13 trustee (the "Trustee") and Bank of America, N.A. (the "Bank") objected to confirmation of the plan (D.E. 12 and 13) and the parties continued the January 11, 2017 hearing date to March 8, 2017 by consent. On March 6, 2017, the Debtors filed a motion, which was consented to by the Trustee and the Bank, seeking to continue the confirmation hearing from March 8, 2017 to April 5, 2017 (D.E. 16). Notwithstanding the consented to motion to continue the confirmation hearing, I, *sua sponte*, scheduled a hearing for March 8, 2017, to address, among other things, whether the Code permitted the scheduling of the initial confirmation to a date more than 45 days after the date of the meeting of creditors. Hearings were held on March 8, 2017 and April 5, 2017 to explore that question and Debtors' counsel filed a memorandum of law supporting their position (D.E. 20).

### III. Analysis.

Following the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the Code limits the dates on which the confirmation hearing can be scheduled. Section 1324(b) instructs that "[t]he hearing on confirmation of the plan may be held not earlier than 20 days and not later than 45 days after the date of the meeting of creditors under section 341(a), unless the court determines that it would be in the best interests of the creditors and the estate to hold such hearing at an earlier date and there is no objection to such earlier date." Thus,

Congress instructs bankruptcy courts to schedule confirmation hearings within a window of 20 to 45 days after the date of the meeting of the creditors. This section permits scant flexibility: confirmation hearings can be scheduled earlier than the allotted date but only if two conditions are met: (1) the earlier date must be in the best interests of the creditors and the estate, and (2) there must be no objections to the earlier date. §1324(b). Though §1324(b) is silent as to conducting the confirmation hearing after 45 days, the structure of the statute is clear: Congress gave bankruptcy courts the discretion to hold confirmation hearings earlier than 20 days after the meeting of creditors but no authority to hold them later than 45 days after that date. In re Haskins, 563 B.R. 177, 185 n. 8 (Bankr. W.D. Va. 2017); In re Clark, 551 B.R. 910, 912 (Bankr. N.D. Okla. 2016); In re Robbins, 2014 WL 3514104, at *2 (Bankr. D. Wyo. July 14, 2014).[2] Notwithstanding the Code's rigidity for scheduling the initial confirmation hearings in chapter 13 cases, it does not mandate that confirmation hearings be concluded by day 45, in contrast to the process under chapter 12.[3] See also, In re Escarcega, 557 B.R. 755, 762–63 (Bankr. N.D. Cal. 2016).

Here, the Debtors initially took the proper steps to schedule the confirmation hearing in accordance with §1324(b) by noticing the hearing for January 11, 2017, the 44th day after the date scheduled for the §341 meeting. However, they then used D.Me.L.Bankr. 9045-1(b) to continue (without a hearing but with the consent of the Trustee and the Bank) the confirmation

---

[2] The apparent policy reasons behind these quick deadlines is to secure prompt confirmation of chapter 13 plans. In re Robbins, 2014 WL 3514104, at *2. See also, In re Denton, 370 B.R. 441, 445 (Bankr. S.D. Ga. 2007) ("By telescoping the time between the petition and the confirmation hearing, §1324(b) not only hastens the start of payment distributions to creditors under the plan, but also reduces the amount of pre-confirmation money available to pay administrative expenses, including attorney's fees, in districts that previously delayed confirmation until after the claims bar date.").

[3] "After expedited notice, the court shall hold a hearing on confirmation of the plan. A party in interest, the trustee, or the United States trustee may object to the confirmation of the plan. Except for cause, the hearing shall be concluded not later than 45 days after the filing of the plan. §1224 (emphasis added).

3

hearing to March 8, 2017,[4] and they also filed a motion seeking an additional continuance to April 5th.

Unfortunately, the clear language of the Code, specifically §1324(b), does not authorize the Court to schedule the initial confirmation hearing on a chapter 13 plan for a date more than 45 days after the date of meeting of the creditors.  In this case, the Debtors understandably seek to do just that but, notwithstanding the agreement of the opposing parties, the unequivocal language of the Code does not permit me to do so.  Though I understand that today's decision results in a sea change of our local practice, I do not know how any other construction of §1324(b) would be faithful to its plain language.

My decision today is limited to the holding that a confirmation hearing may not properly be held in this case due to the expiration of the 45-day deadline proscribed by §1324(b) without the commencement of any sort of hearing on the plan within that deadline.  As I am precluded by §1324(b) from a holding a hearing on confirmation, and since facially valid objections to confirmation of the proposed chapter 13 plan are currently pending, I find that confirmation of the plan in its current form must be denied.  I defer to another day (1) the issue of whether a chapter 13 plan may ever be confirmed in this case given this Court's inability to convene a

---

[4] D.Me.L.Bankr. 9045-1(b) provides:

> "(1) Scope of Rule. Routine motions, which have not been scheduled for extended hearing pursuant to D. Me. LBR 9013-1(d)(4) may be continued or rescheduled upon agreement using the appropriate CM/ECF docket event, and without the necessity of filing a motion for continuance, subject to the following:
>
>> (i) Consents Required. The filing of such a docket event shall be the certificate of the filer that the consent of all necessary parties has been obtained;
>>
>> (ii) Timing. No agreed upon continuance shall be filed after 4:30 PM the day before the scheduled hearing; and
>>
>> (iii) Limitations. Agreed upon continuances shall be limited to a maximum of two (2) per matter, and, in each instance, shall not continue any matter for longer than forty-five (45) days."

4

confirmation hearing and (2) a decision on whether to grant leave to amend or modify the existing plan as the Debtors have not requested that of me.

### V. Conclusion.

For the foregoing reasons, the Debtors' motion to continue and confirmation of the current proposed plan are denied.  Separate orders shall enter.

Dated: April 12, 2017                                      /s/ Peter G. Cary
                                                          Judge Peter G. Cary
                                                          United States Bankruptcy Court

5